UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRANSAMERICA LIFE INSURANCE
CO.,

      Plaintiff,

v.                                  Case No:   6:15-cv-1919-Orl-41TBS

MARIA COPPEN BRICKMAN, JOSEPH
MICHAEL BRICKMAN, WILLIAM H.A
BRICKMAN, ROBERT JON BRICKMAN,
II , JONATHAN LOUIS BRICKMAN and
OTTO E. COPPEN,

      Defendants.

_____

**ORDER**

     This case comes before the Court without a hearing on Defendant Maria Coppen Brickman's Motion to Stay the Action (Doc. 72) and Defendant Maria Coppen Brickman's Motion for a Protective Order and Temporary Stay of Discovery Pending the Court's Ruling on the Motion to Stay the Action (Doc. 73).   Both motions are opposed (Docs. 74-75).

     Plaintiff brought this interpleader action for a judicial determination of who should receive the proceeds of three life insurance policies (Doc. 1, ¶ 13).   The Defendants are the deceased-insured's wife–Maria Coppen Brickman (the "Wife")–as primary beneficiary under the policies, and the deceased-insured's children–Joseph Michael  Brickman, William H.A. Brickman, Robert Jon Brickman II, and Jonathon Louis Brickman (the "Children")–as contingent beneficiaries (Id., ¶¶ 2-6).   The Wife has been indicted and is currently incarcerated in Cherokee County, North Carolina awaiting trial for the murder of the deceased-insured (Id., ¶¶ 2, 22-23; Doc. 71, ¶ 2; Doc. 72 at 3).

The parties seem to agree that Florida law governs this controversy.   Florida Statute § 732.802(3) provides that a named beneficiary of a life insurance policy "who unlawfully and intentionally kills" the insured "is not entitled to any benefit under the ... policy."   Relying on this statute, the Children have filed a crossclaim against the Wife for a declaratory judgment that she is not entitled to the proceeds of the life insurance policies because she unlawfully killed the deceased-insured (Doc. 46, ¶¶ 14-28).   The Wife has crossclaimed against the Children for a declaratory judgment that she is entitled to the proceeds from the policies (Doc. 71 at 4-8).

The Wife is asking the Court to stay this case pending resolution of her criminal case (Doc. 72).   She argues that a stay is appropriate: (1) to promote judicial economy; (2) to protect her Fifth Amendment privilege; (3) because until the criminal case is decided the parties will be unable to complete discovery; and (4) the parties will not be unfairly prejudiced by a stay (Id., at 4).

The Wife is also asking for a protective order or temporary stay of discovery until the Court rules on her motion to stay this proceeding (Doc. 73).   The Children have served requests for admissions and interrogatories on the Wife which concern the circumstances surrounding the deceased-insured's death (Id., at 3; Doc. 73-2).   The Wife argues that if she is required to respond to this discovery, she will be forced to choose between waiving her privilege against self-incrimination and losing this case (Doc. 73 at 4).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.   How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance "   Landis

v. N. Am. Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).   "[T]he supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."   Id. at 255.

"It is the rule, rather than the exception that civil and criminal cases proceed together."   Am. Gen. Life Ins. Co. v. Jones, No. 08-0211-WS-B, 2008 WL 4949847, at *4 (S.D. Ala., Nov. 13, 2008) (quoting United States ex rel. Gonzalez v. Fresenius Med. Care N. Am., 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008)).   "The Constitution does not require a stay of civil proceedings pending the outcome of related criminal proceedings." Shell Oil Co. v. Altina Assocs., Inc., 866 F. Supp. 536, 540 (M.D. Fla. 1994).   "Rather, a court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'"   United States v. Lot 5, Fox Grove, Alachua Cty., Fla., 23 F.3d 359, 364 (11th Cir. 1994).   See also United States v. Little Al, 712 F.2d 133, (5th Cir. 1983).   "The very fact of a parallel criminal proceeding does not alone constitute 'special circumstances.'"   In re Blankenship, 408 B.R. 854, 861 (Bankr. N.D. Ala. June 8, 2009).

"The [F]ifth [A]mendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings.'" SEC v. Wright, 261 F. App'x 259, 262-63 (11th Cir. 2008) (quoting Erwin v. Price, 778 F.2d 668, 669 (11th Cir. 1985)).   "[T]he Fifth Amendment is violated when a person, who is a defendant in both a civil and a criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case in [summary proceedings]." Shell Oil Co., 866 F. Supp. at 540 (citing Pervis v. State Farm Fire & Cas. Co., 901 F.2d

944 (11th Cir. 1990) (alteration in original).  "However, the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." Wright, 261 F. App'x at 263 (citing Lot 5, 23 F.3d at 364).  The Eleventh Circuit has explained that a "court may deny a stay so long as the [Fifth Amendment] privilege's invocation does not compel an adverse judgment against the claimant."  Lot 5, 23 F.3d at 364.  "Where the invocation of the Fifth Amendment privilege merely results in the loss of a defendant's most effective defense, not the automatic entry of summary judgment, the exception to the general rule does not apply."  Id.

"In determining whether the invocation of the Fifth Amendment privilege would result in an adverse judgment, the Court considers: 1) the extent to which issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously against the prejudice to the plaintiffs caused by the delay; 4) the private interests and burden on the defendants; 5) the interest of the courts; and 6) the public interest."  Regions Bank v. Kaplan, No. 8:12-CV-1837-T-17MAP, 2015 U.S. Dist. LEXIS 119410, at *8 (M.D. Fla. Sep. 8, 2015) (citing Coquina Invs. v. Rothstein, No. 10-60786-Civ-COOKE/BANDSTRA, 2011 U.S. Dist. LEXIS 67968 (S.D. Fla. June 24, 2011)).  See also Dean v. Douglas, No. 5:12-CV-120 (CAR), 2012 U.S. Dist. LEXIS 175006, at *9 (M.D. Ga. Dec. 11, 2012).

The criminal case and this case arise from a common nucleus of facts and there is a clear overlap in the issues to be decided in the proceedings.  The Court is unaware of the status of the criminal case and does not know when it will be resolved. Consequently, the Wife is asking for an indefinite stay which is a form of relief not favored by the Court.  In this case, Plaintiff has deposited the proceeds of the three insurance

policies into the Court registry and was dismissed with prejudice (Docs. 60-62).   All remaining claims and defenses are set for trial during the trial term beginning April 3, 2017 (Doc. 56 at 2).

The Wife argues that the Children will not be prejudiced by an indefinite stay because if she is found guilty, that decision will eliminate the need to litigate this controversy (Doc. 72 at 7).   Alternatively, if she is found not guilty, she asserts that most of the facts and discovery in the criminal case will be available for use in this case (Id.). Either way, she argues that a stay will benefit the Children (Id.).   In almost every case, delay is prejudicial to someone and here, it is the Children who say (without specifying why) that they will be harmed.   The Children also argue that a stay is unnecessary since FLA. STAT. § 732.802(3) provides that "[i]n the absence of a conviction of murder in any degree, the court may determine by the greater weight of the evidence whether the killing was unlawful and intentional for purposes of this section."

The Court has its own concerns about staying this action indefinitely.   The Court has a heavy caseload to manage and delaying this case will only add to its burden. Delay would also disserve the public interest in the just, speedy, and efficient resolution of this dispute.   See FED. R. CIV. P. 1.

The Wife has not offered any evidence suggesting that this case was brought to obtain evidence for her criminal prosecution or that the criminal case was unconstitutional or inappropriately instituted.   See Wright, 261 F. App'x at 263 ("Special circumstances" may be established where there is "record evidence suggesting the Government had brought the civil case solely to obtain evidence for the criminal prosecution or that the criminal case … was unconstitutional or inappropriately instituted.").   See also Regions

Bank, 2015 U.S. Dist. LEXIS 119410, at *9; Am. Gen. Life Ins. Co. v. Jones, No. 08-0211-WS-B, 2008 U.S. Dist. LEXIS 92850, at *20 (S.D. Ala. Nov. 13, 2008).

The ultimate question is whether the Wife's assertion of her right against self-incrimination will result in the automatic entry of summary judgment for the Children. "The law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces certain loss of the civil proceeding on summary judgment if the civil proceeding were to continue." Court-Appointed Receiver of Lancer Mgmt. Grp., LLC, v. Lauer, No. 05-60584-CIV-MARRA, 2009 WL 800144, at *2 (S.D. Fla. Mar. 25, 2009). "[U]nder the standard set by the Eleventh Circuit, the mere possibility of disadvantage in a civil proceeding, such as that which might result from this adverse inference, is insufficient to justify a stay at this point in time." Id., at 3.

In her answer to the original complaint, the Wife affirmatively alleged that she "did not unlawfully and intentionally kill" the deceased-insured (Doc. 71 at 4).   The Children have propounded an interrogatory to the Wife asking that she state all facts evidencing and supporting this assertion (Doc. 73-2 at 7).   They have also asked her to state all facts evidencing her denial that she murdered the deceased-insured, and that she provide all facts as to how the shooting of the deceased-insured took place (Id., at 8, 11). In requests for admissions, the Children have asked the Wife to admit that she aimed the gun that shot the deceased-insured; that she intended to shoot; that she pulled the trigger; that she fired the gun; that she was not acting in self-defense; and that the deceased-insured died from the gunshot (Doc. 73-2 at 2-3).

If the Wife asserts the privilege against self-incrimination in response to the Children's discovery that will likely result in the imposition of an adverse inference against her. See Regions Bank, 2015 U.S. Dist. LEXIS 119410, at *7 (quoting United States v.

<u>Single Family Residence & Real Prop.</u>, 803 F.2d 625, 629 n.4 (11th Cir. 1986)).   The adverse inference will not automatically result in the entry of summary judgment against the Wife.   As the court in a similar case observed "a beneficiary's asserting the Fifth Amendment privilege in response to discovery may result in an adverse inference against the beneficiary and, therefore, provides only tenuous support for a stay."   <u>West Cost Life Ins. Co. v. Longboat</u>, No. 8:09-cv-2159-T-23TBM, 2010 WL 4942146, at *1 (M.D. Fla. Nov. 29, 2010).

After due consideration the Court finds that there are no special circumstances or threat of substantial and irreparable prejudice warranting a stay of this action. Accordingly, the Wife's motion for a stay of this case pending the resolution of her criminal case is **DENIED**.   If at a later stage in this case, when the record is more fully developed, it appears that the Wife's invocation of her Fifth Amendment privilege against self-incrimination will result in the certain entry of summary judgment against her, then she may reassert her motion for a stay.

The Wife has also requested a protective order and temporary stay of her obligation to respond to the Children's discovery pending the Court's ruling on her motion to stay the entire case.   The Court having denied that motion, the Wife's motion for a protective order and temporary stay is also **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 30, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record