UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRANSAMERICA LIFE INSURANCE CO.,

    Plaintiff,

v.                                                                                  Case No:   6:15-cv-1919-Orl-41TBS

MARIA COPPEN BRICKMAN, JOSEPH MICHAEL BRICKMAN, WILLIAM H.A BRICKMAN, ROBERT JON BRICKMAN, II , JONATHAN LOUIS BRICKMAN and OTTO E. COPPEN,

    Defendants.

## ORDER

    This case comes before the Court without oral argument on Defendant, Maria Coppen Brickman's Motion for Enlargement of Time to File Response in Opposition to Joseph Michael Brickman's Motion to Stay Proceedings (Doc. 97). The motion is **GRANTED**, and Defendant, Maria Coppen Brickman's Memorandum of Law in Opposition to Motion to Stay Proceedings Filed by Joseph Michael Brickman as Personal Representative of the Estate of Robert Jon Brickman (Doc. 98), is deemed timely filed.

    It appears from movant's Local Rule 3.01(g) certificate that counsel was unable to meet and confer telephonically with other parties because he does not have their phone numbers. Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. The term "confer" in Rule 3.01(g) requires

a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g). The term "counsel" in Rule 3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates. Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice Henry Latimer Center for Professionalism). A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate. The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

To facilitate communication between the parties, Otto E. Coppen, Joseph Michael Brickman, William H.A. Brickman, Robert Jon Brickman, II, and Jonathan Louis Brickman shall provide their current mailing addresses, telephone numbers and email addresses to each other and counsel for Maria Coppen Brickman within 14 days from the rendition of this Order. All parties are responsible for updating their contact information, including mailing address, telephone number and email address whenever a change occurs. Within 7 days of a change, written notice of the change, which includes updated contact information, shall be provided to the Court and all other parties.

    **DONE** and **ORDERED** in Orlando, Florida on July 14, 2017.

                                                    THOMAS B. SMITH
                                                    United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties